THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL DE SANCTIS CARALT, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, New York County, February 20, 1930.

*Richard M. Cantor*, for the appellant.

*Thomas C. T. Crain*, for the respondent.

KERNOCHAN, Ch. J. This is an appeal from a judgment convicting the appellant of violating the New York Code of Ordinances, chapter 14, article 18, section 196, which reads: " No person, organization, society, association or corporation and no agent or representative thereof shall solicit money, donations of money or property, or financial assistance of any kind upon the streets, in office or business buildings, by house to house canvass, or in public places in the City of New York, except upon a license issued by the Commissioner of Public Welfare and under such regulations as hereinafter provided."

The information or complaint pleads the ordinance in these words: " Did unlawfully (as deponent is now informed by Morris Shapiro, now here, and verily believes same to be true) enter with him into a scheme to, and he caused Morris Shapiro to solicit financial assistance in office and buildings, and by house to house canvass in the City of New York and did for a consideration in money, authorize and direct said Morris Shapiro to solicit said financial assistance for an alleged non-sectarian mission for children, without a permit from the Commissioner of Public Welfare."

The return of the magistrate shows that the appellant was brought before the Magistrate's Court on a summons. The summons itself was not returned and, therefore, this court cannot determine how it was worded.

An examination of the stenographer's minutes shows that no complaint was drawn until all the testimony had been taken.

The appellant asks for a reversal upon the ground that he was convicted without due process of law. He contends (a) that he was not properly informed of the charge upon which he was tried; (b) that he was not given an adequate opportunity to be heard. He also claims that incompetent and objectionable testimony was received against him on the trial. In the case of *Twining* v. *New Jersey* (211 U. S. 78, 102) the court said that due process of law has

never been defined with precision. But the principle is established in this case that the essential and fundamental conditions are (1) notice, and (2) opportunity to be heard. 12 Corpus Juris, section 970, page 1202, defines due process of law in criminal cases in these words: "A law creating and defining the offense, a court of competent jurisdiction, accusation in due form, notice and opportunity to answer the charge, trial according to the settled course of judicial proceedings, and the right to be discharged unless found guilty."

In this case the record fails to show that any information was given the appellant as to what he was charged with until after twenty-two pages of testimony had been taken, and notice was only given then in answer to a statement by the appellant, when he said: " I don't know what I am accused of." Instead of reading the section of the ordinance under which the complaint was finally drawn, the magistrate said: " You are accused of being concerned in an illegal project whereby you linked up with this business man to allow your name and the name of the so-called mission, which the Prosecution claim has no foundation in fact, to be used, and the public to be defrauded. The so-called charitable project was carried on in the State of New York, City of New York, in contravention of the law, which says, that no charity shall be sought unless it has the approval and permit of the Department of Public Welfare."

I feel that this statement of the magistrate was not sufficiently definite and testimony taken later in the case shows that the appellant was not certain as to whether he himself was on trial or " the so-called charitable project."

There having been no complaint formulated at the time that the magistrate made the above statement there was no accusation in due form made against the appellant. The magistrate also failed to give the appellant a proper opportunity to be heard, which means an opportunity to interpose any defense he may have had. The only witness for the defense was the appellant himself. His testimony consists only of answers to questions put to him by the magistrate. It really amounted to a cross-examination as to the charitable project he was connected with, and his connection with another case of the same kind in which the magistrate claimed that he was involved. When the appellant attempted to show that any solicitation of funds for the charity was to be outside of the city, the magistrate did not allow him to testify as to what might have been a defense.

Much testimony as to the other case mentioned above was elicited by the magistrate from the appellant and other witnesses. This testimony was irrelevant and prejudicial to the appellant and

would certainly have been objected to by counsel had the appellant been represented by counsel. The magistrate did not protect the rights of the appellant as he should have, and in justice to the appellant this judgment must be reversed on the law and the facts and a new trial ordered.

All concur; present, KERNOCHAN, Ch. J., FETHERSTON and HEALY, JJ.